**RECEIVED**
**JUL 19 2006**
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| | ) | CR 06-217 DSD |
| Plaintiff, | ) | (18 U.S.C. § 1005) |
| | ) | (18 U.S.C. § 1344) |
| v. | ) | |
| | ) | |
| ROBERT N. AANENSON, | ) | |
| | ) | |
| Defendant. | ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

## COUNT 1
**(Bank Fraud)**

1. Between 1982 and June 2005, Robert N. Aanenson was employed by the State Bank of Cokato ("Bank"), located in Cokato, Minnesota. Between 1995 and 2005, he served as President and as a Director of that Bank.

2. From in or about September 2003, to in or about December 2004, in the State and District of Minnesota, the defendant,

**ROBERT N. AANENSON,**

did knowingly and intentionally execute a scheme to defraud the State Bank of Cokato, a federally-insured financial institution, and to obtain money and property under the custody or control of the Bank by means of false and fraudulent pretenses, representations, and promises in connection with Bank loans made to, or on behalf of, Andy Bondhus d/b/a Plastic Solutions, Inc.



SCANNED
JUL 19 2006
U.S. DISTRICT COURT MPLS

U.S. v. Robert N. Aanenson

3.   On or about September 26, 2003, defendant originated a $65,000 nominee loan in the name of Moldserv Inc., a company owned by Andy Bondhus's uncle.  Although the defendant listed the stated purpose of the Moldserv loan as "working capital", the actual purpose of the loan was to provide Bank funds for the benefit of Andy Bondhus and his company, Plastic Solutions, Inc.  The Plastic Solutions's checking account at the Bank had been continuously overdrawn from March 31, 2003 until August 16, 2003, and again from August 29, 2003 through September 26, 2003.

4.   On September 29, 2003, three days after the Moldserv loan proceeds were advanced, Andy Bondhus transferred the $65,000 to Plastic Solutions, Inc. to cover a $47,802 deficit checking account balance and for other unauthorized purposes.  No payments were ever made on this loan.

5.   On October 14, 2004, the Bank charged-off the $65,000 loan as uncollectable.  As a result of this part of the scheme to defraud, defendant caused the Bank to suffer a $65,000 loss.

All in violation of Title 18, United States Code, Section 1344.

2

U.S. v. Robert N. Aanenson

## COUNT 2
### (False Entry in a Bank Report)

6.   The United States Attorney realleges Paragraphs 1-5 of this Information.

7.   On or about July 23, 2004, defendant directed and arranged for a Bank employee to credit $92,669.17 to a Plastic Solutions checking account that at the time was overdrawn by $148,883.63.  On that same day, defendant directed the same Bank employee to make another book entry by crediting $10,242.10 to a Moldserv, Inc. checking account that was overdrawn by that same amount.  Defendant used Bank funds to offset these entries by directing the Bank employee to debit the Bank's prepaid expense account by $100,000 and to debit the Bank's general ledger account for overdraft charges by $2,911.27.

8.   The $100,000 charge to the Bank's prepaid expense account was fully amortized over the remaining five months of 2004.  On or about October 26, 2004, the Bank reported its financial condition to the Federal Deposit Insurance Corporation via its quarter ending September 30, 2004 call report.  As a result of defendant's improper debit entries in the Bank's prepaid expense account in July 2004, the Bank did not disclose approximately $60,000 in

U.S. v. Robert N. Aanenson

overdrafts incurred by Plastic Solutions and not yet amortized. As a result of this part of defendant's scheme to defraud, defendant caused the Bank to conceal a $60,000 loss from federal regulators.

All in violation of Title 18, United States Code, Section 1005.

Dated: July 19, 2006

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

BY: HENRY J. SHEA
Assistant U.S. Attorney
Attorney ID Number 165384